**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **YSMAEL ARIAS, ET AL.,** : | |
| : | Case No.   19-cv-05227-JMY |
| *Plaintiffs* : | |
| : | |
| v. : | |
| : | |
| **WAL-MART** : | |
| **STORES EAST, LP, ET AL.,** : | |
| : | |
| *Defendants* : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                   **SEPTEMBER 14, 2021**

Before the Court is a Motion for Default Judgment ("Mot.," ECF No. 30) filed by Plaintiffs Ysmael Arias and Altagracia Tejada against Defendant Alliance Property Services (hereinafter, "Alliance"). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons that follow, Plaintiffs' Motion will be granted.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

On November 6, 2019, Plaintiffs removed this action from the Court of Common Pleas, Philadelphia County. (ECF No. 1.) In their Complaint, Plaintiffs maintain claims for negligence based on premises liability and loss of consortium. ("Compl.," ECF No. 23 ¶¶ 11-35.) It is alleged that, on or about November 16, 2018, Plaintiff Ysmael Arias "slipped and fell on ice and snow on [Walmart's parking lot] ground, thereby causing [] Plaintiff to sustain various severe and permanent bodily injuries[.]" (*Id*. ¶ 12.) Specifically, these injuries include: "right leg

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

fracture, lateral meniscus tear, partial MCL tear, ACL sprain and strain, right patella lateral subluxation, and femoral bone contusion[,]" which has resulted in Plaintiff expending "various sums for the treatment of his injuries[.]" (*Id*. ¶¶ 15-16.)  Plaintiff has been "unable to engage in his usual activities, all to his great detriment and loss." (*Id*. ¶ 16.)  Plaintiffs together contend that the slip and fall accident was a direct result of Walmart's carelessness and negligence. (*Id*. ¶ 13.)  Likewise, Plaintiff's wife, Altagracia Tejada, asserts that she "has suffered the loss of earnings, society, consortium and services of her husband[.]" (*Id*. ¶ 34.)

During discovery, Walmart revealed that it had entered into a contract with a third-party snow removal contractor, Alliance. (*See* ECF No. 18 at 28-32.)  The contract requires Alliance to defend and indemnify Walmart against any liability resulting from any of Alliance or any subcontractor of Alliance's performance of services. (*See id*.)  It follows that on March 25, 2020, Plaintiffs moved for leave to amend their Complaint to add Alliance as a Defendant. (ECF No. 19.)  The Court granted this request on April 9, 2020. (ECF No. 22.)  Plaintiffs properly effected service upon Alliance on April 24, 2020 via certified mail return receipt requested. (*See* "Affidavit of Service," ECF No. 26.)  Thereafter, Plaintiffs stipulated to the dismissal of Walmart from this action. (ECF No. 31.)  Alliance has not entered an appearance in this action; thus, on January 21, 2021, Plaintiffs moved for entry of default against Alliance—which the Clerk of Court entered on January 22, 2021. (*See* ECF No. 29.)  Plaintiffs filed the instant Motion for Default Judgment on January 25, 2021. (*See* Mot.)

**II.    LEGAL STANDARD**

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P.

55(a).  Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent.  *Id*. at 55(b)(1).  In all other cases, the party seeking a default judgment must make an application to the court.  *Id*. at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court," this discretion is not limitless given that cases should "be disposed of on the merits whenever practicable."  *Hritz v. Woma Corp*., 732 F.2d 1178, 1180-81 (3d Cir. 1984); *see also Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003) ("Our Court does not favor entry of defaults or default judgments . . . as it prefers adjudication on the merits.").  "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F. 2d 1142, 1149 (3d Cir. 1990)).  "The court's initial inquiry is 'whether the unchallenged facts constitute a legitimate cause of action[.]'"  *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3d ed. 2013)); *accord Pope v. United States,* 323 U.S. 1, 12 (1944) ("[U]pon default, . . . the court determines that the unchallenged facts shown of record establish a legally binding obligation; it adjudicates the plaintiff's right of recovery and the extent of it, both of which are essential elements of judgment."); *see also*, *e.g.*, *Eastern Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 552-54 (E.D. Pa. 2009) (finding entry of default judgment warranted because plaintiff adequately alleged facts supporting their claim); *Steele v. Wetzel*, Civ. No. 14-4823, 2018 WL 2348687, at *3 (E.D. Pa. May 1, 2018) (same).

If the court determines that the plaintiff has sufficiently stated a cause of action, it must then assess damages. As noted above, unless damages are "liquidated or computable," they "cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing[,]" *Comdyne I*, 908 F.2d at 1152, or otherwise by such proof as the plaintiff may submit without a hearing. *See* Fed. R. Civ. P. 55(b)(2).

Further, our Court of Appeals has provided district courts with some factors to guide the exercise of their discretion. The Third Circuit has stated that "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Lastly, prior to the entry of default judgment, a district court must satisfy itself that the court has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction.").

### III.  DISCUSSION

Based on the above standard, before entering default judgment, this Court must be satisfied that: (1) the Court has subject matter jurisdiction and personal jurisdiction, (2) the Plaintiffs' Complaint plausibly states a claim for relief, and (3) the *Chamberlain* factors favor the entry of default judgment.

### A. Jurisdiction

Subject matter jurisdiction exists in this matter because diversity of citizenship between the Plaintiffs (Pennsylvania) and Alliance (New Jersey) exists, and the amount in controversy exceeds $75,000. (Compl. ¶¶ 2, 4; ECF No. 29 ¶ 9). Venue is also proper because a substantial portion of the events that transpired took place within Philadelphia County. (*Id*. at ¶ 10.) Accordingly, the Court has personal jurisdiction over the parties because all events giving rise to the claims occurred in Pennsylvania, and Alliance predominantly conducts business in Philadelphia County.  (*See id*.)  To conclude, the Court is satisfied that that it has subject matter jurisdiction over the matter and personal jurisdiction over Defendant Alliance.

### B. Whether Plaintiffs Have Stated a Cause of Action

Since a party in default does not admit conclusions of law, the Court must next determine whether the unchallenged facts set forth in Plaintiffs' Complaint establish a cause of action.  *See J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) ("Before granting default judgment, a district court may consider whether, 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'") (quoting *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008)); *see also* Wright & Miller, *supra*, § 2685 (4th ed. 2019).

#### 1. Count One—Negligence

Plaintiff Ysmael Arias asserts a negligence claim based on premises liability.  (Compl. ¶¶ 22-32.)  Thus, the Pennsylvania standard for negligence applies.  *See Merlini v. Gallitzin Water Auth*., 980 A.2d 502, 506 (Pa. 2009) (explaining that to succeed on a negligence claim "the plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages").

When the case is based on premises liability, the standard of care depends on whether the person entering the establishment was a trespasser, a licensee, or invitee. *McDowell v. Moran Foods, LLC*, 680 F. App'x 72, 72 (3d Cir. 2017) (citing *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983)). A business invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Falcone v. Speedway LLC*, No. 14-2188, 2017 WL 220326, at *2 (E.D. Pa. Jan. 19, 2017) (quoting *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 253 (Pa. Super Ct. 2014)). Here, Plaintiff was a business invitee as he was a customer of and was visiting Walmart for the purpose of shopping. (*See generally* Compl.); *see Pace v. Wal-Mart Stores East, LP*, 337 F. Supp. 3d 513, 518 (E.D. Pa. 2018) (a customer is always a business invitee). A landowner owes the highest duty of care to a business invitee. *See Falcone*, 2017 WL 220326, at * 2 (citing *Traux v. Roulhac*, 126 A.3d 991, 997 (Pa. Super Ct. 2015)). A landowner must protect a business invitee not only from known dangers, but also from "dangers that might be discoverable with reasonable care." *Id*. Additionally, a possessor of land is subject to liability for harm caused by his invitees by a condition on the land if, but only if, he "(1) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such activities; (2) should expect they will not discover or realize the danger, or will fail to protect themselves from it; and (3) fails to exercise reasonable care to protect them against danger." *King v. Rocktenn CP, LLC*, 643 Fed. App'x 180, 182 (3d Cir. 2016) (quoting *Atkins v. Urban Redevelopment Auth. of Pittsburgh*, 414 A.2d 100, 103-04 (Pa. 1980)) (quoting Restatement (Second) of Torts § 343 (1965)).

Here, the Court finds that Plaintiff Ysmael Arias has alleged sufficient facts in his Complaint to demonstrate that Alliance was aware of the hazardous condition on the premises

and failed to take reasonable care to prevent the injuries sustained by Plaintiff. Specifically, Walmart entered into a Master Services Agreement with Alliance for the single purpose of snow and ice removal services on the parking lot premises. (*See* ECF No. 18.) The existence of this agreement makes clear that both Walmart and Alliance had constructive notice of the dangerous condition of ice and snow on the parking lot grounds. *Id.* Further, Plaintiff asserts that Alliance had a specific duty to "provide a safe, hazard-free environment for people traversing the subject parking lot." (ECF No. 18.) As the snow vendor, Alliance had reason to know that failure to remove ice and snow from the parking lot could cause an unreasonable risk of slipping and resultant injury to any Walmart customer.

Accordingly, Plaintiff has adequately alleged a negligence claim against Alliance based on premises liability.

### 2.  *Count Two—Loss of Consortium*

Plaintiff Altagracia Tejada asserts a loss of consortium claim alleging that she was deprived of her husband's aid, comfort, society, and consortium following his injury. (Compl. ¶¶ 33-35.) Pennsylvania law provides for loss of consortium claims arising out of martial relationships. *See Sprague v. Kaplan*, 572 A.2d 789, 790 (Pa. Super. 1990) ("Loss of consortium has been recognized in this Commonwealth as a right evolving out of the marriage relationship and is grounded on the loss of a spouse's service after injury."). Upon review of the facts alleged in the Complaint, the Court finds and concludes that Plaintiff Altagracia Tejada has sufficiently alleged facts supporting a loss of consortium claim. (*See* Compl. ¶¶ 34-35.)

### C.  *Chamberlain* Factors

Next, the Court will assess whether the *Chamberlain* factors favor granting default judgment. *See Chamberlain*, 210 F.3d at 164. As stated supra, the three factors the Court must

consider include: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Id*.

As to the first factor, Plaintiffs will be prejudiced absent a default judgment because Alliance's failure to respond to Plaintiffs' claims leaves Plaintiffs with no other means to vindicate their claims. As to the second factor, because Alliance has not filed an answer or motion to dismiss, the Court has no knowledge of any defenses Alliance may have. Moreover, "the [C]ourt may presume that an absent defendant who has failed to answer has no meritorious defense, because it is not the [C]ourt's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc.*, 3 F. Supp. 3d at 271-72 (internal citations and quotation marks omitted). As to the third factor, for the Court to find that Alliance exhibited culpable conduct, Alliance would have had to have acted "willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F. 2d 120, 123-24 (3d Cir. 1983). District courts have reached different conclusions regarding whether a defendant's failure to appear and defend can, in itself, constitute culpable conduct. *See State Farm Fire & Cas. Co. v. Hunt*, No. 14-6673, 2015 WL 1974772, at *5 (E.D. Pa. May 4, 2015) (discussing different conclusions on this issue). In this regard,

> [s]ome courts have held that the [culpable conduct] factor to be neutral where the court has no information relating to the motivations of the defendant in failing to appear and defend [, and o]ther courts have found that the defendant's failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment-indeed, for the [c]ourt to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.

*Id*. (internal citations and quotation marks omitted).

8

The Court previously detailed Alliance's dilatory conduct in this case—Plaintiffs served Alliance with their Complaint on April 24, 2020 via certified mail return receipt requested, Alliance failed to respond by the response deadline, and Alliance has never appeared in this action since.  There is nothing in the record to indicate that Alliance's delay in acting in this case is due to anything other than deliberate action, which should constitute culpable conduct and weigh in favor of a default judgment.  Even if Alliance's failure to appear and defend is not culpable conduct, this factor would be neutral and, in light of the strength of the other two factors favoring a default judgment, would not prevent this Court from entering a default judgment.

Accordingly, based on the above assessment, the Court finds that the *Chamberlain* factors weigh in favor of granting default judgment.

### D.  Damages

Having found that Plaintiffs have stated legitimate causes of action and that the *Chamberlain* factors favor granting default judgment, the Court must next consider the amount of damages Plaintiffs are entitled to.  As stated *supra*, Federal Rule of Civil Procedure 55 states that "the court may conduct hearings . . . to determine the amount of damages," but may also award damages without a hearing if there is sufficient evidence in the record to justify the decision.  *See* Fed. R. Civ. P. 55.  Here, Plaintiffs request that the Court "schedule an assessment of damages hearing providing Plaintiffs the opportunity to submit testimonial and documentary evidence concerning their damages."  (Mot. at 7.)  This Court agrees and will schedule a hearing accordingly.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiffs' Motion. An appropriate Order follows.

**IT IS SO ORDERED.**

                          **BY THE COURT:**

                          */s/ John Milton Younge*

                          **Judge John Milton Younge**